RECEIVED
IN LAKE CHARLES, LA
JUL 2 8 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 04-1708 |
| VS. | : | JUDGE TRIMBLE |
| JTS REALTY XVII PARTNERSHIP IN COMMENDAM, SHELTER RESOURCE CORPORATION, AND SHELTER RESOURCE FUND | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss for Failure to Join a Party" [doc. #8] filed by defendants, JTS Realty XVII Partnership, a Louisiana partnership in commendam, through Shelter Resource Corporation, a California corporation, its General Partner and Shelter Resource Fund, a California limited partnership. Movers seek to have this Court dismiss this action alleging that plaintiff, the United States of America, has failed to join an indispensable party pursuant Federal Rule of Civil Procedure 19.[1] Specifically, Defendants maintain that former general partners, Joseph T. Spinosa, individually, and JTS Realty Corporation are indispensable parties to this suit.

---

[1] Federal Rule of Civil Procedure 19, in pertinent part, provides the following:

**(a) Persons to be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. . . .

# FACTUAL STATEMENT

The United States makes the following allegations in their original complaint. On January 7, 1986, Joseph T. Spinosa, in his capacity as general partner of JTS Realty XVII Partnership in Commendam ("JTS Realty XVII") executed a Promissory Note in the principal sum of $1,478,500.00 bearing interest at 10.625%, and payable in consecutive monthly installments commencing on March 1, 1986 and continuing until January 6, 2036. Spinosa also executed a mortgage secured by immovable property in Beauregard Parish. Because of allegations of violations of the covenants of the Note and Mortgage, the United States has exercised its right of acceleration and declared the entire unpaid balance of the Note immediately due and payable. Despite repeated demands, the balance due, which as of June 2, 2003, is $1,560,900.72 ($1,466,321.85 in principal, $74,708.13 in accrued interest, $1,235.00 overage, $18,635.75 in late fees) has not been paid. Shelter Resource Corporation ("SRC") is the general partner of JTS Realty XVII and Shelter Resource Fund ("SRF") is its limited partner.[2]

The former general partners of Spinosa Realty XVII were Joseph T. Spinosa ("Spinosa") and JTS Realty Corporation ("JTS Realty"), formerly known as Joseph T. Spinosa Corporation.[3] Spinosa and JTS Realty continued in that capacity until July 13, 2001 until they were removed as partners "for cause" in accordance with the Articles of Partnership. On October 10, 2001, Shelter Partnership, the only admitted Limited Partner, nominated and elected SRC to be the general partner.

---

[2]SRC is also the general partner of Joseph T. Spinosa Realty XII Partnership in Commendam ("Spinosa Realty XII"), and the Joseph T. Spinosa Realty XV Partnership in Commendam ("Spinosa Realty XV"), all of which are Louisiana Limited Partnerships which own apartment projects financed through the Rural Development Administration with low interest, long term United States Department of Agriculture loans for the construction and operation of the projects. SRF is the sole limited partner of these partnerships.

[3] Spinosa and JTS Realty were also the general partners of Spinosa Realty XII and Spinosa Realty XV.

On October 24, 2002 a suit for damages and preliminary injunction was filed by SRC, JTS Realty XII, JTS Realty XV, JTS Realty XVII and SRF against Spinosa, individually and JTS Realty in the 19th Judicial District Court. The defendant answered with exceptions and a reconventional demand for declaratory judgment, specific performance and damages. In that action, Spinosa and JTS Realty dispute their removal as the general partners of the partnerships. This suit is still pending and the issue as to the true and legal identity of the general partners of the partnerships is still unresolved.

## LAW AND ARGUMENT

JTS Realty XVII moves to dismiss this action alleging that indispensable parties have not been made defendants, namely, the former general partners of JTS Realty XVII, Spinosa and JTS Realty. JTS Realty XVII alleges two grounds as to why the former general partners must be joined: (1) because of the pending state court litigation disputing the former partners' removal "for cause", and (2) SRC is a named defendant and "responsible party". JTS Realty XVII maintains that complete relief cannot be accorded among the present parties, and the present defendants will be exposed to multiple or inconsistent obligations unless Spinosa and JTS Realty are joined.

Federal Rule of Civil Procedure 19(a) instructs the Court as to "those persons whose joinder is desirable from the standpoint of complete adjudication and elimination of relitigation.[4] Those persons who should be joined are those whose absence precludes complete relief among those already parties, or whose purported interest in the subject of the lawsuit is such that their absence, as a practical matter, will impair their ability to preserve that interest or expose those already parties to multiple or inconsistent results.[5]

---

[4] *Schutten v. Shell Oil Co.*, 421 F.2d 869, 873 (5th Cir. 1970).

[5] Fed. R.Civ. P.19(a).

3

The United States submits that the joinder of Spinosa and JTS Realty is not necessary because complete relief can be afforded in the absence of Spinosa and JTS Realty, who have no interest in these proceedings to protect. Furthermore, none of the parties to the action will be exposed to multiple or inconsistent results if Spinosa and JTS Realty are not parties.

The United States seeks only *in rem* relief and its recovery will be limited to such. The Promissory Note and Mortgage, the subject of this action, are obligations of JTS Realty XVII. Neither federal nor Louisiana law requires the joinder of all partners in an action against a partnership.[6] Under the Louisiana law of partnerships, each partner is secondarily liable for his share of the partnership debt.[7] Thus, not only was it unnecessary to name the current partners as parties, the former and yet disputed partners are not indispensable parties.

## CONCLUSION

For the foregoing reasons, the motion to dismiss filed by defendants, JTS Realty XVII, through Shelter Resource Corporation and Shelter Resource Fund [doc. #8] will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 26th day of July, 2005.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[6] *Federal Deposit Ins. Corp. v. Mmahat*, 960 F.2d 1325, 1328 (5th Cir. 1992), citing 7 Charles A. Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1623 (2d ed. 1986) (joinder unnecessary for partners who are jointly and severally liable).

[7] La. Civ. Code Art. 2817.

4